JUSTICE WEBER
dissents as follows:
I dissent from the opinion’s holding on issue 2 that the District Court erred in granting Grace’s motion to dismiss. The key analysis is the interpretation of the following allegation in Lockwood’s complaint:
Although defendants knew of or had ample reason to know that the defendants’ acts or omissions created a high degree of risk or harm to [Darrell] ... (Emphasis supplied.)
The opinion first analyzes the allegation by reading it as stating that the defendants had ample reason to know their acts or omissions created a high degree of risk or harm. The opinion concludes that such an allegation must be rejected as insufficient to constitute “intentional harm” under Noonan and Blythe. As a result, the opinion concludes that the allegation of less than actual knowledge such as an allegation that the defendants “had ample reason to know” is *212 insufficient as a matter of law to serve as the basis for avoiding exclusivity. I agree with that analysis.
As a result, I am unable to agree with the balance of the analysis. The opinion excludes the phrase “had ample reason to know” from the analysis and considers whether an allegation that the defendants knew that the defendants’ acts or omissions created a high degree of risk or harm is sufficient. That analysis would be appropriate if the alternatives had been alleged in different paragraphs or even in different sentences. However, I do not see how it can be applied here. In a single sentence, the plaintiff alleged that the defendants knew or had ample reason to know — that alternative allegation can be met by proving the defendants had ample reason to know. I conclude it is not a positive allegation of sufficient knowledge on the part of the defendants. I conclude that, as in Noonan and Blythe, the allegations are not sufficient to demonstrate actual knowledge sufficient to avoid exclusivity.
I would, therefore, affirm the conclusion of the District Court that the complaint did not contain sufficient allegations of an intentional tort, and its reliance on Blythe for that conclusion.